UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

STEVEN JAMES MORALES,

                  Petitioner,

v.

B.E. WILLIAMS, *et al.*,

                  Respondents.

Case No. 2:18-cv-00583-GMN-CWH

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid. Petitioner has filed a motion for appointment of counsel (ECF No. 4), a motion for leave to file a longer than normal petition (ECF No. 2), and an application for leave to proceed *in forma pauperis* (ECF No. 3).

Following initial review, the Court finds that appointment of counsel is in the interests of justice given, *inter alia*, the lengthy sentence of 27 years to life, the complexities of petitioner's case, and petitioner's allegations of mental health issues. Petitioner's motion to file a lengthy petition will also be granted. Petitioner's application for leave to proceed *in forma pauperis* will be denied as moot, as petitioner has already paid the filing fee.

IT THEREFORE IS ORDERED that petitioner's motion for appointment of counsel (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that petitioner's application to proceed *in forma pauperis* (ECF No. 3) is DENIED AS MOOT.

IT IS FURTHER ORDERED that petitioner's motion for leave to file a longer than normal petition (ECF No. 2) is GRANTED.

1

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. The counsel appointed will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add state attorney general Adam P. Laxalt as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel shall enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response shall be required from respondents until further order of the Court.

The Clerk accordingly shall send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 10 day of April, 2018.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE