UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

STEVEN JAMES MORALES,

　　　　　　　　　Petitioner,

v.

RENEE BAKER, *et al.*,

　　　　　　　　　Respondents.

Case No. 2:18-cv-00583-GMN-CWH

ORDER

This counseled habeas petition comes before the Court on petitioner's motion to stay and abey (ECF No. 20). Respondents do not oppose (ECF No. 21).

Petitioner initiated this action on or about March 26, 2018, with the dispatch of his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On April 10, 2018, the Court provisionally appointed the Federal Public Defender to represent the petitioner. (ECF No. 6). Counsel was officially appointed on May 11, 2018, and filed an amended petition for writ of habeas corpus on February 4, 2019. (ECF Nos. 8 & 12). The amended petition contains two unexhausted claims, both of which are based on *McCoy v. Louisiana*, -- U.S. --, 138 S. Ct. 1500 (2018), which was issued after petitioner litigated his state habeas petition and filed his federal petition. Petitioner now seeks a stay and abeyance so that he may exhaust his unexhausted claims in state court.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first

1

to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). This court has declined to prescribe the strictest possible standard for issuance of a stay. "[I]t would appear that good cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F. Supp.2d 1207, 1210 (D. Nev. 2006). Thus, a petitioner's confusion over whether his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *See id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005)).

Petitioner argues that good cause exists because the basis for his claims did not arise until after he had filed his federal habeas petition. The Court agrees that this constitutes good cause for the failure to first exhaust the claims in state court before filing the federal petition. The Court further finds that the unexhausted grounds are not "plainly meritless," and that petitioner has not engaged in intentionally dilatory litigation tactics. Accordingly, petitioner's unopposed request for a stay and abeyance (ECF No. 20) will be granted.

In accordance with the foregoing, petitioner's unopposed motion for stay and abeyance (ECF No. 20) is granted.

It is further ordered that this action is stayed pending exhaustion of the unexhausted claims in the amended petition.

It is further ordered that respondents' motion for enlargement of time (ECF No. 22) is granted. The time for respondents to answer or otherwise respond to the amended petition will be reset after the stay is lifted.

It is further ordered that the grant of a stay is conditioned upon petitioner litigating his state postconviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

It is further ordered that the clerk shall administratively close this action, until such time as the court grants a motion to reopen the matter.

DATED THIS 22 day of May , 2019.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE