1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

STEVEN JAMES MORALES,

Petitioner,

v.

TIM GARRETT[1], et al.,

Respondents.

Case No. 2:18-cv-00583-GMN-CWH

**ORDER**

This habeas action is brought by Steven James Morales under 28 U.S.C. § 2254. (ECF No. 12.)  Respondents filed a Motion to Dismiss First Amended Petition for Writ of Habeas Corpus (ECF No. 37) claiming Morales's First Amended Petition (ECF No. 12) is barred by the statute of limitations, or alternatively, certain claims are unexhausted and/or procedurally defaulted.  For the reasons discussed below, the Court will grant the motion in part, deny it part, and defer resolution whether Morales can establish cause and prejudice to overcome the procedural default of certain grounds without prejudice to Respondents asserting procedural defenses in the answer.

## I.    Procedural History & Background

On July 1, 2009, the state district court entered a judgment of conviction upon a jury verdict finding Morales guilty of, *inter alia*, burglary, robbery, first-degree and second-degree kidnapping, and false imprisonment, with the use of a deadly weapon. (ECF No. 41-13.)  The Nevada Supreme Court affirmed the judgment on appeal. (ECF No. 42-16.)

In May 2011, Morales filed a *pro se* postconviction Petition for Writ of Habeas Corpus ("First State Petition"), which the state district court denied. (ECF Nos. 43-20; 43-24.)  On appeal, the Nevada Supreme Court reversed and remanded finding the state district court's failure to appoint postconviction counsel prevented meaningful litigation of the First State Petition. (ECF

---

[1] According to the state corrections department's inmate locator page, Morales is incarcerated at Lovelock Correctional Center.  The department's website reflects Tim Garrett is the warden for that facility.  https://doc.nv.gov/Facilities/LCC_Facility/.  I will therefore direct the clerk of the court to substitute Tim Garrett for respondent B.E. Williams, Warden, HDSP, under, *inter alia*, Rule 25(d) of the Federal Rules of Civil Procedure.

No. 44-7.)  On remand, appointed counsel filed Petitioner's Supplemental Brief in support of the First State Petition ("Second State Petition"), which the state district court denied. (ECF Nos. 44-12; 44-16; 44-27.)  Morales appealed and the Nevada Supreme Court affirmed in part, reversed in part, and remanded for an evidentiary hearing on certain claims. (ECF No. 45-3.)

On the second remand, Morales filed a Second Supplemental Petition for Writ of Habeas Corpus ("Third State Petition"), which the state district court denied following an evidentiary hearing. (ECF Nos. 45-15; 45-18.)   On appeal, the Nevada Supreme Court affirmed in part, reversed in part, and remanded directing the state district court to vacate the conviction for false imprisonment with use of a deadly weapon ("Count 3"). (ECF No. 46-5.)

On a third remand, the state district court filed an Amended Judgment of Conviction dated June 20, 2018 ("June 2018 amended judgment") vacating Count 3 for the conviction for false imprisonment with use of a deadly weapon. (ECF No. 46-9.)  One month later, the state district court filed a Second Amended Judgment of Conviction correcting a clerical error in the June 2018 amended judgment. (ECF No. 46-10.)

Morales initiated this federal habeas corpus proceeding on March 30, 2018. (ECF No. 1.)  The Court appointed counsel and on February 4, 2019, Morales filed the First Amended Petition in this federal habeas proceeding. (ECF Nos. 8, 12.)  On May 10, 2019, Morales filed a fourth state postconviction Petition for Writ of Habeas Corpus ("Fourth State Petition"). (ECF No. 20-1.)  The Court subsequently granted Morales's unopposed request for stay and abeyance to return to state court to exhaust the claims in the Fourth State Petition. (ECF Nos. 20 at 2–3, 6; 20-1; 21; 23.)  The state district court denied the Fourth State Petition and the Nevada Supreme Court affirmed on appeal finding, among other things, the Fourth State Petition untimely and successive. (ECF Nos. 47-12; 48-6.)  The Court granted the motion to lift the stay of these federal habeas proceedings (ECF No. 30).

## II.    Legal Standards & Analysis

In the Motion to Dismiss First Amended Petition for Writ of Habeas Corpus, Respondents move to dismiss Grounds 2, 4, 5(C), 5(M), 6(A), 8, 9, and 10, as barred by the statute of limitations. (ECF No. 37 at 3–7.)  Respondents alternatively move to dismiss the First Amended Petition on

the basis that Grounds 4, 5(A), 5(C), 5(I), 5(J), 5(M), 6(C), 8, and 9, are unexhausted, and Grounds 7 and 10 are partially unexhausted. (*Id.* at 9–12.)   Finally, Respondents alternatively move to dismiss Grounds 2, 4, 5(C), 5(M), 6(A), 8, 9, and 10 as procedurally defaulted. (*Id.* at 7–8.)

### A.    Morales's First Amended Petition is timely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible trigger dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A).   The AEDPA limitations period is tolled while a "properly filed" state postconviction proceeding, or other collateral review, is pending. 28 U.S.C. § 2244(d)(2).

Under AEDPA, the judgment from which the one-year limitation period runs "is the one pursuant to which the petitioner is incarcerated," such that an amended judgment of conviction, is a "new judgment, starting a new one-year statute of limitations" under 28 U.S.C. § 2244(d)(1)(A). *Smith v. Williams*, 871 F.3d 684, 687–88 (9th Cir. 2017); *cf. Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010).   *Smith* holds that an amended judgment is considered a "new judgement, starting a new one-year statute of limitations." 871 F.3d at 688.   For purposes of calculating the AEDPA time limitation, even where a judgment is not substantively changed, "it constitutes a new, intervening judgment if the earlier judgment is amended or even if it is reissued as an amended judgment as in *Magwood*." *Gonzalez v. Sherman*, 873 F.3d 763, 773 n.5 (9th Cir. 2017).

Federal courts "look to the applicable state law to determine whether a sentencing change made by the state court created a new sentencing judgment." *Turner v. Baker*, 912 F.3d 1236, 1240 (9th Cir. 2019).   In *Turner*, the Ninth Circuit held an amended judgment that altered the original judgment giving a Nevada prisoner credit for time served constituted a new judgment for AEDPA purposes. *Id.*   The court in *Turner* held that under Nevada law the original judgment was invalid because it did not include "a defendant's credit for time served." *Id.*   In contrast, the Ninth Circuit recently determined the removal of a victim-restitution condition from a Washington State

sentencing judgment did not create a new judgment for purposes of AEDPA. *Colbert v. Haynes*, 954 F.3d 1232, 1237 (9th Cir. 2020).  In *Colbert*, Washington state law authorized the restitution order at the time of sentencing, but it was later discovered that the victims did not request restitution, so the judgment was amended to strike the restitution portion as moot. *Id.* at 1234–35. The Circuit determined the amended judgment was not a new judgment for purposes of AEDPA because the initial sentencing judgment was not invalid. *Id.* at 1235–37.

Respondents concede Morales timely filed his March 30, 2018, Petition for Writ of Habeas Corpus (ECF No. 1). (ECF No. 37 at 4).  Respondents contend, however, the new grounds Morales alleges in his February 4, 2019, First Amended Petition, that were not alleged in his March 2018 petition, should be dismissed as untimely because the June 2018 amended judgment in the state district court did not restart the statute of limitations for AEDPA purposes or new claims do not relate back to Morales's initial federal petition (ECF No. 1). (ECF No. 37 at 3–7.)  Respondents assert the June 2018 amended judgment "was not sufficient to restart the AEDPA limitations period as it did not invalid [sic] the judgment or modify the sentence," because the sentence on the vacated count of conviction (Count 3) ran concurrent with other counts of conviction and therefore did not impact the length of Morales's aggregate sentence. (*Id.* at 2.)  Morales contends the June 2018 amended judgment restarted the AEDPA one-year statute of limitations and therefore he timely filed his First Amended Petition in February 2019. (ECF No. 52 at 8.)

The Court need not reach the relation-back contention because the Court finds the First Amended Petition timely filed as the June 2018 amended judgment restarted the statute of limitations period for purposes of determining the deadline for Morales's federal habeas petition under 28 U.S.C. § 2254.  The state district court's June 2018 amended judgment did not constitute an amendment to correct a mere scrivener's error; rather the judgment was amended to vacate Count 3, which was an illegal conviction, and its corresponding sentence. *See Sherman*, 873 F.3d at 772 (noting "a scrivener's error carries no legal consequences as it is only the record that must be corrected, and that record does not contain the actual judgment or the actual sentence to be served.").  As such, the entry of the June 2018 amended judgment constituted a new judgment that restarted the one-year AEDPA limitations period, and the First Amended Petition is timely.

**B.      Grounds 5(A), 5(C), 5(I), 5(J), 6(C), and 7 are exhausted.**

A state prisoner first must exhaust state court remedies for federal habeas claims before presenting them to the federal courts. 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement ensures the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).  "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.") (emphasis in original)). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) and *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'")).  "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (internal and other citations omitted).

**1.      Ground 5(A)**

In Ground 5(A) of the First Amended Petition Morales alleges trial counsel rendered ineffective assistance in violation of the Sixth and Fourteenth Amendments in failing to rebut the State's sentencing memorandum and failing to adequately advocate for Morales at sentencing. (ECF No. 12 at 22–23.)  The Court finds Ground 5(A) exhausted because Morales fairly presented

the claims in Ground 5(A) to the state courts and the Nevada Supreme Court reached a decision on the merits. (ECF Nos. 44-16 at 7–11; 44-27 at 5–7; 44-34 at 9–11, 14–21; 45-3 at 6.)

### 2.    Ground 5(C)

Ground 5(C) of the First Amended Petition alleges trial counsel rendered ineffective assistance in violation of the Sixth and Fourteenth Amendments in failing to challenge the conviction for false imprisonment with use of a deadly weapon (Count 3) in the motion for judgment of acquittal. (ECF No. 12 at 28–30.) Morales claims that, although the Nevada Supreme Court vacated Count 3 based on ineffective assistance of appellate counsel, but for trial counsel's ineffective assistance in failing to challenge the conviction for Count 3 in the motion for judgment of acquittal filed prior to sentencing, there is a reasonable probability Morales would have received a lower sentence because the conviction on Count 3 adversely impacted the sentencing court's overall sentencing calculus. (*Id.*)    Respondents contend Ground 5(C) is unexhausted and procedurally defaulted because the Nevada Supreme Court vacated the conviction based on ineffective assistance of appellate counsel while Ground 5(C) alleges ineffective assistance of trial counsel for the motion for judgment of acquittal. (ECF No. 37 at 11.) The Court finds, upon review of the state court record, that Ground 5(C) exhausted as the ineffective assistance of trial counsel claim was fairly presented to the state appellate courts. (ECF Nos. 46-1 at 9, 21–24; 48-3 at 57–60; 48-6 at 6–7.)

### 3.    Ground 5(I)

Ground 5(I) of the First Amended Petition alleges trial counsel rendered ineffective assistance in violation of the Sixth and Fourteenth Amendments by failing to include the conviction for first-degree kidnapping with use of a deadly weapon (Count 9) in the motion for judgment of acquittal. (ECF No. 12 at 39–40.) The Court finds Ground 5(I) exhausted because Morales raised this claim in his First State Petition and the Nevada Supreme Court, in addressing the claim that appellate counsel was ineffective for failing to challenge the conviction on Count 9 on appeal, noted, "[f]or the same reasons, [Morales] also failed to demonstrate that trial counsel was deficient in failing to raise the argument in the motion for judgment of acquittal or that [Morales] was prejudiced by the omission." (ECF Nos. 42-32 at 27–28; 45-3 at 11–12, n.5.)

### 4.      Ground 5(J)

Ground 5(J) of the First Amended Petition alleges trial counsel was ineffective in failing to include the conviction for robbery with use of a deadly weapon (Count 16) in the motion for judgment of acquittal. (ECF No. 12 at 40–41.)  Respondents contend Ground 5(J) is unexhausted because the claim alleged in the state courts was for ineffective assistance of appellate counsel, not trial counsel. (ECF No. 37 at 11–12.)  The Court finds the claim in Ground 5(J) exhausted. Morales fairly presented this claim in his *pro se* First State Petition, and the Nevada Supreme Court acknowledged that it considered the claim on appeal from the denial of the Second State Petition, by noting, "We have considered all proper person documents filed or received in this matter.  We conclude that appellate is only entitled to the relief described herein," and by considering other grounds alleged in the *pro se* First State Petition. (ECF Nos. 42-32 at 29; 45-3.)

### 5.      Ground 6(C)

Ground 6(C) of the First Amended Petition alleges appellate counsel was ineffective in violation of the Sixth and Fourteenth Amendments for depriving Morales a meaningful appellate proceeding because he raised only two claims. (ECF No. 12 at 52–54.)  The Court finds Ground 6(C) exhausted because the state appellate court reached a decision on the merits of this claim. (ECF No. 45-3 at 12.)

### 6.      Ground 7

Ground 7 of the First Amended Petition alleges cumulative error occurred during Morales's trial, sentencing, and direct appeal proceedings, resulting in the denial of due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments. (ECF No. 12 at 55.)  The Court finds Ground 7 is exhausted because the state appellate court reached a decision on the merits of cumulative error of trial and appellate counsel. (ECF No. 45-3 at 9, 12–13.)

**C.      Grounds 2, 5(M), 8, 9, and 10 are procedurally defaulted, however, the Court will defer consideration whether Petitioner can overcome the default until review of the petition on the merits.**

Where a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule," federal habeas corpus review "is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged

violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate cause, the petitioner must establish some external and objective factor impeded efforts to comply with the state's procedural rule. *E.g., Maples v. Thomas*, 565 U.S. 266, 280, 289–90 (2012) (finding cause to excuse procedural default due to attorney abandonment but remanding for a determination of prejudice); *McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (holding that for cause to exist, it is not enough that the petitioner "did not possess, or could not reasonably have obtained, certain evidence if other known or discoverable evidence could have supported the claim in any event."). "[T]o establish prejudice, [a petitioner] must show not merely a substantial federal claim, such that 'the errors . . . at trial created a possibility of prejudice,' but rather that the constitutional violation 'worked to his *actual* and substantial disadvantage.'" *Shinn v. Ramirez*, 142 S. Ct. 1718, 1733 (2022) (citing *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in original).

With one exception, Nevada's cause and prejudice standards are functionally identical to the federal standards for cause and prejudice. *Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004); *Mitchell v. State*, 122 Nev. 1269, 1273–74, 149 P.3d 33, 35–36 (2006). That exception is for a procedurally defaulted claim of ineffective assistance of trial counsel when the cause for the default is the ineffective assistance, or absence, of postconviction counsel in the initial postconviction proceedings, according to the requirements of *Martinez v. Ryan*, 566 U.S. 1 (2012). *Brown v. McDaniel*, 130 Nev. 565, 571–76, 331 P.3d 867, 871–75 (2014). A Nevada federal habeas petitioner who relies on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar may successfully argue the state courts would hold the claim procedurally barred, but he nonetheless has a potentially viable argument for cause and prejudice under federal law.

According to the Supreme Court, the necessary circumstances for establishing "cause" to excuse a procedural default of an ineffective assistance of trial counsel claim are:

> [W]here (1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law requires that an 'ineffective

assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding.'

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (quoting *Martinez*, 566 U.S. at 18–19).[2]  To show a claim is "substantial," a petitioner must demonstrate it has "some merit." *Martinez*, 566 U.S. at 14. A claim is "insubstantial" if "it does not have any merit" "is wholly without factual support," or if "the attorney in the initial-review collateral proceeding did not perform below constitutional standards." *Id.* at 16.

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate the state-law procedural bar of an unexhausted claim, and to treat such a claim as subject to the procedural default doctrine.  Thus, a federal court need not dismiss an exhausted claim if it is clear that the state court would find the claim procedurally barred. *Coleman*, 501 U.S. at 731 ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."); *see also Castille v. Peoples*, 489 U.S. 346, 351–52 (1989); *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002).

### 1.     Ground 2

Ground 2 of the First Amended Petition alleges there is insufficient evidence to support the conviction for first-degree kidnapping with use of a deadly weapon (Count 9) in violation of due process under the Fifth and Fourteenth Amendments. (ECF No. 12 at 15–16.)  Respondents contend Ground 2 is procedurally defaulted on adequate and independent state grounds because the Nevada Supreme Court held the claim is procedurally barred as, among other things, untimely and successive. (ECF No. 37 at 7–8.)  Morales concedes Ground 2 is procedurally defaulted but contends he can establish prejudice, and cause to overcome the default by proving his fully exhausted claim in Ground 5(I) that trial counsel was ineffective in failing to include the conviction for Count 9 in the motion for judgment of acquittal. (ECF No. 52 at 17–19.)

"A procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to

---

[2] Nevada law requires prisoners to raise ineffective assistance of counsel claims for the first time in a state petition seeking postconviction review, which is the initial collateral review proceeding for purposes of applying the *Martinez* rule. *See Rodney v. Filson*, 916 F.3d 1254, 1259–60 (9th Cir. 2019).

excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000).  Moreover, trial counsel's performance "must have been so ineffective as to violate the Federal Constitution." *Id.* (citing *Carrier*, 477 U.S. at 488–89).

As discussed, Ground 5(I) is an exhausted claim that trial counsel was ineffective in failing to challenge in the motion for judgment of acquittal the sufficiency of the evidence for the conviction for Count 9. *See supra*, p. 6–7.  Thus, Morales may demonstrate cause to overcome his procedural default of Ground 2 by establishing, as he alleges in Ground 5(I), that trial counsel's performance in failing to move for judgment of acquittal for Count 9 was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984).

As Respondents suggest, the question whether Morales can overcome the procedural default of Ground 2 is intertwined with the merits of his exhausted claim in Ground 5(I).  Thus, the question whether Morales can overcome his procedural default of Ground 2 is best considered in conjunction with the merits following the filing of an answer and reply to the First Amended Petition.  The Court will therefore deny the motion to dismiss Ground 2 without prejudice to Respondents asserting the procedural default defense to Ground 2 in the answer.

## 2.    Ground 5(M)

Ground 5(M) of the First Amended Petition alleges trial counsel was ineffective in violation of the Sixth and Fourteenth Amendments in failing to include the conviction for burglary with use of a deadly weapon (Count 8) in the motion for judgment of acquittal. (ECF No. 12 at 46.)  Respondents contend the claim is unexhausted or procedurally defaulted. (ECF No. 37 at 11.)  Morales contends Ground 5(M) is technically exhausted and procedurally defaulted because the state courts would find the claim procedurally barred if he returned to state court to exhaust the claim, but that he can establish cause to overcome the default under *Martinez*, and prejudice. (ECF No. 52 at 21–27.)  Respondents request the court defer consideration of Ground 5(M) until review of the merits of the First Amended Petition because the analysis whether Morales can overcome the procedural default of Ground 5(M) is inextricably interwoven with the merits of the claim. (ECF No. 58 at 2–5.)  The Court agrees Ground 5(M) is technically exhausted and procedurally

defaulted and consideration whether Morales can overcome the procedural default is intertwined with the merits.  Thus, the Court will deny the motion to dismiss as to Ground 5(M) without prejudice to Respondents asserting the procedural default defense to the claim in their answer.

### 3.    Ground 8 is procedurally defaulted.

Ground 8 alleges a substantive claim in reliance on *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), that Morales's waiver of a fundamental right to secured autonomy and to decide whether to concede charges to the jury was not knowing, voluntary, and intelligent. (ECF No. 12 at 56–59.)  Respondents contend Ground 8 is unexhausted and procedurally defaulted on adequate and independent state grounds. (ECF Nos. 37 at 7–12; 58 at 3–5, n.1.)  Morales concedes Ground 8 is procedurally defaulted but contends he can overcome the procedural default by demonstrating cause and prejudice to overcome the default. (ECF No. 52 at 33–35.) It appears Morales alternatively claims he can overcome the procedural default of Ground 8 by virtue of his corresponding trial counsel ineffective assistance claim in Ground 9. (*Id.* at 29–30, 35.)

The Court finds Ground 8 exhausted and procedural defaulted and the determination whether Morales can overcome the procedural default of Ground 8 is intertwined with the merits of the claim or, alternatively with the merits of Ground 9.  Thus, the Court will deny the motion to dismiss Ground 8 without prejudice to Respondents asserting the procedural default defense in their answer.

### 4.    Ground 9

Ground 9 of the First Amended Petition alleges trial counsel was ineffective in violation of the Sixth and Fourteenth Amendments in failing to adequately advise Morales of the consequences of conceding a criminal charge to the jury such that any waiver of Morales's right and any decision to allow such concession was not knowing, voluntary, and intelligent and but for trial counsel's ineffective advice, he would not have conceded any of the charges. (ECF No. 12 at 60–63.)  Respondents contend Ground 9 is unexhausted and procedurally defaulted on adequate and independent state grounds. (ECF Nos. 37 at 7–12; 58 at 3–5, n.1.)  Morales concedes Ground 9 is procedurally defaulted but claims he can establish cause to overcome the procedural default under *Martinez*, and prejudice. (ECF No. 52 at 23–25, 27–28.)

The Court finds Ground 9 is an exhausted but procedurally defaulted ineffective assistance of trial counsel claim. (ECF Nos. 20-1 at 24–27; 48-3 at 20; 48-6 at 4.)  Because Morales concedes only *Martinez* as a basis for cause to excuse his default of Ground 9, and the issues concerning the procedural default of Ground 9 are intertwined with the merits of the claim, it is more efficient to address Ground 9 in conjunction with the merits of the First Amended Petition after the filing of an answer and reply. Therefore, the Court will deny the motion to dismiss Ground 9 without prejudice to Respondents asserting the procedural default defense to the claim in their answer.

### 5.    Ground 10

In Ground 10, Morales alleges he was deprived of his rights to due process and an impartial jury in violation of the Fifth, Sixth and Fourteenth Amendments and is entitled to a new trial because one of the trial jurors demonstrated bias when he stated he "couldn't say" whether the involvement of children in the case would "affect [his] ability to be fair." (ECF No. 12 at 64–65.) In Ground 5(D), Morales alleges a corresponding claim of ineffective assistance of trial counsel for failing to challenge for cause or exercise a peremptory challenge to dismiss that juror based on the same juror's comments indicating bias or an inability to be fair about allegations concerning children. (*Id.* at 31–32.)    Respondents contend Ground 10 is partially unexhausted and procedurally defaulted because it raises a broader claim of juror bias than the trial counsel ineffectiveness claim that was presented to the Nevada Supreme Court. (ECF No. 37 at 2; *see also* ECF No. 58 at 3, n.1.)  Morales counters that Ground 10 is exhausted and procedurally defaulted but he can establish cause to overcome the default for Ground 10 by virtue of his fully exhausted claim in Ground 5(D) that trial counsel was ineffective in failing to challenge for cause or exercise a peremptory challenge to dismiss the juror, and prejudice. (ECF No. 52 at 17–18, 20–21.)

The Court finds the substantive allegations in Ground 10 fairly correspond to the trial-counsel- ineffectiveness-claim alleged in Ground 5(D).  Respondents do not contend that Ground 5(D) is unexhausted or defaulted.  As stated above, constitutionally ineffective assistance of counsel in failing to raise a substantive constitutional claim can, if independently pleaded and proved, establish cause for the default of a corresponding substantive constitutional claim. *Carpenter*, 529 U.S. at 451, 453.   Accordingly, Morales may be given the opportunity to

demonstrate prejudice, and cause to overcome his procedural default of Ground 10 by establishing, as he alleges in Ground 5(D), that trial counsel's performance in failing to move to excuse the juror was constitutionally ineffective under *Strickland*. As the question whether Morales can overcome the procedural default of Ground 10 is intertwined with the merits of his exhausted claim in Ground 5(D), the Court will deny the motion to dismiss Ground 10 without prejudice to Respondents asserting the procedural default defense to Ground 10 in their answer.

### D. Ground 6(A) is partially exhausted and partially procedurally defaulted.

In Ground 6(A), Morales alleges appellate counsel was ineffective in failing to challenge the conviction for false imprisonment with use of a deadly weapon (Count 3). (ECF No. 12 at 47–49.) The Nevada Supreme Court already determined that appellate counsel was ineffective in failing to challenge Count 3 and remanded to the state district court with instructions to vacate that conviction. (ECF No. 46-5 at 3–4.) Morales claims, as part of Ground 6(A), that the Nevada Supreme Court erred in failing to instruct the state district court to resentence Morales upon order the state district court to vacate Count 3 due to appellate counsel's constitutionally inadequate assistance. (ECF No. 12 at 47–49.) Respondents contend Ground 6(A) is procedurally defaulted on adequate and independent state grounds because, although the claims in Ground 6(A) were raised in the Fourth State Petition, the Nevada Supreme Court rejected the petition as untimely, successive, and barred by laches. (ECF No. 37 at 7–8.) Morales contends this claim was exhausted during earlier postconviction proceedings and the Nevada Supreme Court ruled on the merits. (ECF No. 52 at 15; *see also* ECF No. 46-5 at 3–4).)

The Court finds that Morales exhausted the claims that appellate counsel was ineffective in failing to challenge the sufficiency of the evidence for Count 3 and that the Nevada Supreme Court erred in failing to remand for resentencing. However, Morales's claim that the Court erred in failing to remand for resentencing is procedurally defaulted. In his Third State Petition, Morales asked that the court "vacate the judgment of conviction" and on appeal from the denial of the Third State Petition, made no argument in his opening brief that the ineffective assistance of appellate counsel entitled him to a new sentencing hearing. (ECF No. 46-1 at 27.) In the Fourth State Petition, Morales sought to exhaust the claim that the Nevada Supreme Court erred in failing to

13

order that Morales be resentenced after the state district court vacated Count 3. (ECF No. 20-1 at 41–43).   The Nevada Supreme Court held the petition was procedurally barred, among other things, as untimely and successive. (ECF No. 47-12 at 28–29.)

The Court will deny the motion to dismiss the portion of Ground 6(A) in which Morales claims that appellate counsel rendered ineffective assistance for failure to challenge the conviction for Count 3, as that portion of Ground 6(A) is fully exhausted and not procedurally defaulted. (ECF No. 46-5 at 3–4.)   However, the Court grants the motion to dismiss the portion of Ground 6(A) alleging the Nevada Supreme Court erred in failing to order resentencing as procedurally defaulted, as Morales makes no assertion that he can establish cause and prejudice to overcome the default. (ECF No. 52 at 15.)

### E.     Ground 4 will be dismissed as procedurally defaulted.

Ground 4 of the First Amended Petition alleges that improper joinder of charges for which there was legally insufficient evidence caused Morales irreparable prejudice at trial and sentencing in violation of due process and the right to a fair trial under the Fourteenth Amendment. (ECF No. 12 at 20–21.)   Respondents contend Ground 4 is either unexhausted or procedurally defaulted on adequate and independent state grounds. (ECF No. 37 at 7–10.)   Morales contends Ground 4 is technically exhausted but procedurally defaulted. (ECF No. 52 at 28–29.)   Morales asserts that, although he has not alleged a corresponding ineffective assistance of counsel claim for Ground 4 in the first amended petition, but he can establish prejudice, and cause to overcome the procedural default of Ground 4 by establishing trial counsel was ineffective in failing to raise the claim in Ground 4. (*Id.* at 21–23, 28–31.)

The Court finds Ground 4 is technically exhausted but procedurally defaulted. (ECF Nos. 20-1 at 32–36; 44-16 at 7; 44-34 at 21–22; 45-3; 48-6 at 5–6.)   In light of the rulings of the state courts, it is clear Morales would face multiple procedural bars if he were to return to state court with a claim of ineffective assistance of trial counsel that corresponds with his substantive claim in Ground 4. *See, e.g.*, NRS §§ 34.726; 34.810.   Before Morales may establish cause to overcome his procedural default of Ground 4, he must first demonstrate cause and prejudice to excuse his procedural default of a corresponding claim that trial counsel rendered ineffective assistance.  *See,*

*e.g., Carpenter*, 529 U.S. at 450–51.  In *Carpenter*, the petitioner alleged in his federal petition that the evidence supporting his plea and sentence was insufficient, in violation of the Fifth and Fourteenth Amendments, and that his appellate counsel was constitutionally ineffective in failing to raise that claim on direct appeal. *Id.* at 449. Here, Morales has not similarly alleged any *claim* in the First Amended Petition that trial counsel was ineffective in failing to raise the substantive claim in Ground  4. And Morales cites no authority that permits a petitioner to rely upon an ineffective assistance of counsel "aspect" rather than an ineffective assistance of counsel *claim* alleged in the operative federal petition, for purposes of overcoming the procedural default of a corresponding substantive habeas claim. (ECF No. 52 at 23.)

Thus, the Court will grant the motion to dismiss Ground 4.

**III.    Conclusion**

**IT IS THEREFORE ORDERED:**

1.  Respondents' Motion to Dismiss First Amended Petition for Writ of Habeas Corpus (ECF No. 37) ("First Amended Petition") is GRANTED IN PART AND DENIED IN PART:

    a.  The First Amended Petition for Writ of Habeas Corpus is not barred by the statute of limitations.

    b.  Ground 4 is dismissed as procedurally defaulted.

    c.  Ground 6(A) of the First Amended Petition is procedurally defaulted as to only that portion of Ground 6(A) in which Petitioner alleges the Nevada Supreme Court erred when it failed to instruct the state district court to resentence Petitioner after the Nevada Supreme Court remanded with instructions to vacate Count 3 due to the ineffective assistance of appellate counsel.

    d.  Grounds 5(A), 5(C), 5(I), 5(J), 6(C), and 7 of the First Amended Petition are exhausted.

    e.  Grounds 2, 5(M), 8, 9, and 10 of the First Amended Petition are procedurally defaulted. The Court defers consideration whether Petitioner

can establish cause and prejudice to overcome the defaults of these grounds without prejudice to Respondents reassertion of the defenses in their answer.

2. Respondents will have 60 days from the date of this order to file an answer or otherwise respond to Petitioner's remaining claims in the First Amended Petition. In all other respects, the schedule for further proceedings set forth in the scheduling order entered May 3, 2021 (ECF No. 30) will remain in effect.

3. The Clerk of the Court is directed to substitute Tim Garrett for Respondent B.E. Williams, Warden, HDSP.

DATED: September 7, 2022

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE